FILED

DANIEL COHEN (PRO SE)

566 S. SAN PEDRO ST.

LOS ANGELES, CALIFORNIA 90013

PHONE NUMBER: (323) 253-1276

EMAIL: computeracuity@gmail.com

2017 JAN 27  PM 3: 24

*Related DOJ*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DANIEL COHEN,

        Plaintiff,

vs.

SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI, TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG, DOE 1 THROUGH DOE 31

        Defendant's

Case No.: **CV 17 - 00684** JAK(AGR)

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

Demand for Jury Trial

1.PLAINTIFF alleges this civil action is authorized by title 42 U.S.C.§1983 to redress the deprivation under color of state law, of rights secured by the constitution of the United States.

    I.      JURISDICTION & VENUE

2.THE CENTRAL DISTRICT OF CALIFORNIA is an appropriate venue under 28 U.S.C. §1391(b)(2) because it is where Plaintiff resides and the events giving rise to this claim occurred. This court has jurisdiction under 28 U.S.C.§1331 and §1343 (a)(3) Plaintiff seeks declatory relief pursuant to 28 U.S.C. §2201 and §2202. This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff also submits state law claims under 28 U.S.C. §1367(a) for actions that have arisen for the same circumstances or events as the constitution violations.

    I.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Plaintiff is fully exhausted in administrative remedies. While in custody Plaintiff filed multiple Health Care 602 appeal forms to the third (highest) administrative level. Plaintiff received a response from the highest level without satisfactory results. While in custody Plaintiff has submitted multiple Government Board Claims regarding the actions and omissions described in this complaint. Plaintiff has not received satisfactory results

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 PG - 1

from the Government Board Claims Process. This complaint is timely as section 1983 provides a one year limitation from the date of release. Plaintiff was released from state custody on 01/29/16.

II.    PARTIES

2. PLAINTIFF, DANIEL COHEN was a prisoner in state custody of California Department of Corrections and Rehabilitation at, North Kern State Prison located in Delano, California, and California Institution for Men located in Chino, California. At all times mentioned in this complaint.

3. DEFENDANT, WARDEN SANDRA ALFARO was the acting warden of North Kern State Prison during the dates and times described in this complaint and is sued in their individual and official capacity.

4. DEFENDANT, CHIEF MEDICAL EXECUTIVE ALDUKWE N. ODELUGA was the acting Chief Medical executive at North Kern State Prison during the dates and times described in this complaint and is sued in their individual and official capacity.

5. DEFENDANT, DOCTOR S. JOSH MANAVI was the assigned physician and care giver at North Kern State Prison during the dates and times described in this complaint and is sued in their individual and official capacity.

6. DEFENDANT, WARDEN TIM PEREZ was the acting warden of California Institution for Men during the dates and times described in this complaint and is sued in their individual and official capacity.

7. DEFENDANT, CHIEF MEDICAL OFFICER MUHAMMAD FAROOQ was the acting Chief Medical Officer at California Institution for Men, Facility D during the dates and times described in this complaint and is sued in their individual and official capacity.

8. DEFENDANT, DOCTOR BAHUA YANG was an assigned physician and care giver at California Institution for Men, Facility D during the dates and times described in this complaint and is sued in their individual and official capacity.

9. DEFENDANTS DOE 1 THROUGH 31 is and was at all times mentioned herein, some persons whom Plaintiff is ignorant of their true names, titles, and positions, however; upon belief and information are associated and included in this action, and are somehow liable or responsible for the events and circumstances alleged herein.

10. Plaintiff will amend this complaint at a later time to include the true names and titles, and positions of Defendants Doe 1 through 21.

III. FACTS

11. On or about 01/14/14 while in custody at Los Angeles County Jail Plaintiff underwent a facial reconstruction surgical procedure at Los Angeles County Medical Center. On or about 04/15/14 Plaintiff was diagnosed with entropion to his lower left eyelid which is a complication from surgery that causes the eyelid to fold inwards causing eyelashes and the eyelid itself to irritate the eye. Thus, causing ongoing pain, redness, discomfort, irritation, discharge, and tearing of the left eye and pain to the left eye socket and left cranial area. On or about 05/08/14 Plaintiff was in custody transferred from Los Angeles County Jail to North Kern State Prison with this medical complication unresolved.

12. Plaintiff was placed into the custody of DEFENDANT WARDEN SANDRA ALFARO

13. On or about 05/15/14 Plaintiff was medically evaluated by Doctor Le at North Kern State Prison during the normal diagnostic procedure all inmates are subject to.

14. During consultation with Doctor Le Plaintiff gave a detailed medical history of past surgeries at LAC+USC medical center and Doctor Le ordered the medical records from LAC+USC.

15. Doctor Le also began the process to refer Plaintiff to seek treatment for his entropion.

16. On or about 05/22/14 Plaintiff was transported to Triangle eye institute located in Delano, California to consult with Dr.Yaplee.

17. On or about 05/29/14 Dr. Yaplee recommended and referred Plaintiff to an ocular surgeon.

18. On or about 06/19/14 Plaintiff was evaluated via tele med consult with Dr. Kitt an Ear, Nose, and Throat specialist who recommended and referred that Plaintiff be seen by an ocular plastics surgeon.

19. On or about 07/23/14 Plaintiff was transported to San Joaquin Valley Medical center to consult with a plastic surgeon Dr. Michael B. Freeman.

20. Dr. Michael B. Freeman recommended and referred that Plaintiff return to LAC+USC for correction of the entropion.

21. On or about 08/06/14 Plaintiff was called to consult with Dr. S. Josh Manavi Plaintiffs Primary Care Provider (PCP).

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 PG - 3

22. Upon belief and information, chief medical executive Aldukwe N. Odeluga and or Chief Medical Officer Doe 1 and or Does 2 through Does 4, participated in and denied the referral ordered by Dr. Freeman for Plaintiff to receive medically necessary corrective treatment at LAC+USC medical center.

23. Dr. S. Josh Manavi told Plaintiff "Your referral to LAC+USC for corrective surgery was denied" And "You should speak with a lawyer"

24. On or about 08/08/14 Plaintiff was in custody transferred to California Institution for Men located in Chino, California.

25. Plaintiff was placed into the custody of DEFENDANT WARDEN TIM PEREZ

26. Upon arrival at California Institution for men Plaintiff was placed under the care of Dr. Bahua Wang and or Muhammad Farooq.

27. On or about 08/20/14 Plaintiff made several attempts to obtain an ADA classification (vision impaired vest) and obtain axillary or assistive equipment (tap cane and dark glasses) from Dr. Bahua Wang. who was overseen by Muhammad Farooq but, was denied.

28. On or about 08/20/14 Plaintiff made several attempts to obtain proper and adequate pain medication from Dr. Bahua Wang. who was overseen by Muhammad Farooq but, was denied.

29. On or about 08/28/14 Plaintiff suffered several small or minor injuries at California Institution for Men, due to his vision disability and lack of auxiliary or assistive equipment. (Cane, Glasses)

30. Plaintiff began to file several CDCR form HC-602 administrative medical appeals to obtain proper pain medication, equipment, and the necessary corrective surgery.

31. Due to these aforementioned injuries and dizziness. On or about 09/08/14 placed in the On-site Hospital Unit aka OHU under the care of Dr. Oh

32. Plaintiff spent approximately 30 days in the OHU and was discharged back to general population.

33. Plaintiff continued to file appeals against Dr. Bahua Wang and or Muhammad Farooq and or Doe 5 through Doe 9 for not providing Plaintiff with proper medication for pain and not providing Plaintiff with auxiliary or assistive equipment for Plaintiffs vision disability.

34. Plaintiff continued to file appeals and government board claims for the denial of treatment and the referral for corrective treatment to LAC+USC.

35. Plaintiff sent correspondence to an organization that advocates for prisoners' rights called the Prison Law
Office (PLO) located in San Quinten, California seeking assistance with Plaintiffs medical needs.

36. Plaintiff received a response from the PLO stating that the federal receiver was overseeing Plaintiffs case.

37. On or about 01/01/15 Plaintiff was assigned to a new Primary Care Physician (PCP) Dr. Andrew Yee.

38. Dr. Andrew Yee provided Plaintiff with the ADA classification (DPV) aka vision impaired classification.
Provided Plaintiff with auxiliary and assistive equipment (tap cane and dark glasses) and provided Plaintiff with
adequate Pain medication. (Tylenol 3 with codeine).

39. On or about 03/23/15 Plaintiff was transported to Riverside County Medical Center aka RCMC to consult with
Ophthalmology.

40. RCMC ophthalmologists recommended and referred Plaintiff to an ocular plastics specialist at Loma Linda
University Medical Center aka LLUMC for evaluation and treatment for the Entropion.

41. On or about 04/25/15 Plaintiff underwent surgery for entropion repair performed under the care of Doctor Issacs
at LLUMC.

42. Plaintiffs left eyelid was sutured closed for approximately two weeks after the surgery.

43. Plaintiffs sutures were removed and a few days later Plaintiffs lower left eyelid reverted back to the entropion.

44. On or about 09/21/15 Plaintiff underwent a second entropion repair surgery with Dr. Issacs at LLUMC

45. Plaintiffs left eyelid was sutured closed for approximately two weeks after the surgery.

46. Plaintiffs sutures were removed and a few days later Plaintiffs lower left eyelid reverted back to the entropion.

47. On or about 01/26/16 Plaintiff underwent a third entropion repair surgery with Dr. Issacs at LLUMC

48. Plaintiffs left eyelid was sutured closed for approximately two weeks.

49. Plaintiff was released from custody on 01/29/16

50. Plaintiffs sutures were removed at LLUMC during a follow-up visit and a few days later Plaintiffs lower left
eyelid reverted back to the entropion.

51. On or about 04/25/16 Plaintiff consulted with Dr. Issacs for a follow-up. When Dr. Issacs recommended another
surgery to attempt to repair Plaintiffs lower left eyelid entropion.

52. Around this Plaintiff learned that the Prison Healthcare system would not cover the costs of future treatments.

53. Plaintiff has been working diligently to try to resolve this issue as best as possible and Plaintiff began the
process of obtaining Medi-Cal insurance and obtained a new primary care physician at LAC+USC.

54. Beginning on or about 06/01/16 to 01/01/16 Plaintiff has consulted with several doctors and physicians at LAC+USC who have been unsuccessful at providing corrective treatment.

55. As of 01/25/16 Plaintiff is currently waiting to be evaluated by ophthalmology at LAC+USC

56. Plaintiff has been suffering moderate to severe acute pain to his left eye and cranial area for approximately two years to date, due to this lower left eyelid complication.

57. Plaintiff has suffered greatly as this issue has remained unresolved and has been extended for such an unreasonable amount of time.

58. Plaintiff experiences daily pain, irritation, redness, tearing and discharge of the left eye.

59. Plaintiff is at risk of corneal infection and corneal degradation.

IV. LEGAL CLAIMS

FIRST CAUSE OF ACTION FOR DENYING AND DELAYING OF MEDICAL CARE

58. Plaintiff realleges and incorporates by reference all of the paragraphs above.

59. On or about 08/06/14 Plaintiff was in custody at North Kern State Prison and had a serious medical need because Plaintiffs lower left eyelid had a complication known as entropion. Plaintiff was therefore placed among the class of persons to whom Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI all owed a duty as part of a special relationship.

60. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI all took part in and had roles of authority and liability over the adequate and proper provision of medical care to plaintiff.

61. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI failed to provide Plaintiff with medically necessary medical care and treatment that was previously ordered by a physician.

62. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI denied plaintiff medically necessary corrective treatment for his complication of entropion although Defendants named supra had several options that could have provided Plaintiff with the corrective treatment required.

63. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI had knowledge of Plaintiffs serious medical needs because Plaintiff was medically examined and the issue was heavily documented along with multiple verbal complaints made by Plaintiff during consultations. Therefore; Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI acted with deliberate indifference to Plaintiffs serious medical needs.

64. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI actions or omissions violated Plaintiffs right to be free of cruel and unusual punishment guaranteed by the 8th and 14th amendment of the constitution.

65. As a direct result and proximate result of Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI actions or omissions described in this complaint, Plaintiff was denied medically necessary corrective treatment and the medical issues continued for an extended and unnecessary period of time. Plaintiff is and was exposed to substantial risk of serious harm by way of infection. Plaintiff suffered wanton pain and affliction of physical and mental anguish and emotional distress in that plaintiff was forced to endure pain and suffering for an unreasonable period of time with little to none provision of assistance to mitigate the pain and suffering and or physical and mental anguish or emotional distress, due to Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI inadequate and improper provision of medical care and medical care management.

66. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI acted knowingly, willfully, and maliciously with reckless and callous disregard for Plaintiffs federally protected rights.

67. As a result of Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI actions or omissions Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, pain, and emotional distress in that Plaintiff has unreasonably and unnecessarily suffered for an extended period of time posing great hardship and undue burden upon plaintiff and making plaintiffs daily life more difficult.

68. SECOND CAUSE OF ACTION FOR PROFESSIONAL NEGLEGENCE

69. Plaintiff realleges and incorporates by reference all of the paragraphs above.

70. On or about 08/06/14 Plaintiff was in custody at North Kern State Prison and was an inmate, Plaintiff was therefore, placed among the class of persons to whom Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI owed a duty as part of a special relationship.

71. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI had a duty to use such skill, prudence, and diligence as other members of his or her profession commonly possess and exercise.

72. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI negligently failed to provide Plaintiff with medically necessary treatment and care for Plaintiffs serious medical needs. Failed to insure Plaintiff received adequate and proper medical treatment within a reasonable time. Was a moving force behind the denial and delaying of medical care and treatment previously ordered by a physician. Failed to provide medically necessary auxiliary and assistive equipment.

73. As a direct and proximate result of the negligence of Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI actions or omissions described in this complaint, Plaintiff was denied medically necessary corrective treatment and the medical issues continued for an extended and unnecessary period of time. Plaintiff is and was exposed to substantial risk of serious harm by way of infection. Plaintiff suffered wanton pain and affliction of physical and mental anguish and emotional distress in that plaintiff was forced to endure pain and suffering for an unreasonable period of time with little to none provision of assistance to mitigate the pain and suffering and or physical and mental anguish or emotional distress, due to Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI negligence.

74. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI acted knowingly, willfully, and maliciously, and with a reckless and callous disregard for Plaintiffs rights protected by California Laws.

75. As a result of Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI actions or omissions Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, pain, and emotional distress in that Plaintiff has unreasonably and unnecessarily suffered for an extended period of time posing great hardship and undue burden upon plaintiff and making plaintiffs daily life more difficult.

76. THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE ADEQUATE AND PROPER MEDICAL CARE

77. On or about 08/06/14 Plaintiff was in custody at North Kern State Prison and had a serious medical need because Plaintiffs lower left eyelid had a complication known as entropion. Plaintiff was therefore placed among the class of persons to whom Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI all owed a duty as part of a special relationship.

78. 71. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI all took part in and had roles of authority and liability over the adequate and proper provision of medical care to plaintiff.

79. 72. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI failed to provide Plaintiff with medically necessary medical care and treatment that was previously ordered by a physician.

80. 73. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI denied plaintiff medically necessary corrective treatment for his complication of entropion although Defendants named supra had several options that could have provided Plaintiff with the corrective treatment required.

81. 74. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI had knowledge of Plaintiffs serious medical needs because Plaintiff was medically examined and the issue was heavily documented along with multiple verbal complaints made by Plaintiff during consultations. Therefore; Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI acted with deliberate indifference to Plaintiffs serious medical needs.

82. 75. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI actions or omissions violated Plaintiffs right to be free of cruel and unusual punishment guaranteed by the 8th and 14th amendment of the constitution.

83. 76. As a direct result and proximate result of Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI actions or omissions described in this complaint, Plaintiff was denied medically necessary corrective treatment and the medical issues continued for an extended and unnecessary period of time. Plaintiff is and was exposed to substantial risk of serious harm by way of infection. Plaintiff suffered wanton pain and affliction of physical and mental anguish and emotional distress in that plaintiff was forced to endure pain and suffering for an unreasonable period of time with little to none provision of assistance to mitigate the pain and suffering and or physical and mental anguish or emotional distress, due to Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI inadequate and improper provision of medical care and medical care management.

84. 77. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI acted knowingly, willfully, and maliciously with reckless and callous disregard for Plaintiffs federally protected rights.

85. 78. As a result of Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI actions or omissions Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreparable injury, pain, and emotional distress in that Plaintiff has unreasonably and unnecessarily suffered for

1    an extended period of time posing great hardship and undue burden upon plaintiff and making plaintiffs daily

2    life more difficult.

3

4    FOURTH CAUSE OF ACTION FOR NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL

5    DISTRESS

6    86. Plaintiff realleges and incorporates by reference all of the paragraphs above.

7    87. On or about 08/06/14 Plaintiff was in custody at North Kern State Prison and was an inmate and under the care

8    of Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI owed a duty as part of a

9    special relationship.

10   88. On or about 08/06/14 Plaintiff was informed that his medically necessary treatment was denied by prison

11   officials and prison medical employees.

12   89. Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI conduct was intentional and

13   deliberate and done with a wanton and reckless disregard of the consequences to Plaintiff.

14   90. As the proximate result of the actions or omissions alleged above plaintiff suffered fright, worry, grief, shame,

15   humiliation, and embarrassment, mental anguish, and emotional distress and physical distress because Plaintiff

16   was worried plaintiff felt he would not get the treatment he required. Plaintiff felt sudden and extreme terror,

17   and sharp sorrow and annoyance. Plaintiff felt dishonored and disgraced and was disappointed by the actions or

18   omissions of Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI. Plaintiff felt a

19   loss of pride, self-respect and dignity. Plaintiff felt burdened with shame and self-conscience and was injured in

20   mind and body.

21   91. The actions or omissions of Defendants SANDRA ALFARO, ALDUKWE N. ODELUGA, S. JOSH MANAVI

22   alleged above were willful, wanton, deliberate, reckless, oppressive and improper and justify the awarding of

23   exemplary and punitive damages.

24

25   92. FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ADEQUATE AND PROPER MEDICAL CARE

26   AND FAILURE TO COMPLETE ADEQUATE AND PROPER MEDICAL CARE TREATMENT WITHIN A

27   REASONABLE TIME.

28   93. Plaintiff realleges and incorporates by reference all of the paragraphs above.

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 PG - 10

94. On or about 08/20/14 Plaintiff was in custody at California Institution for Men and had a serious medical need because Plaintiffs lower left eyelid had a complication known as entropion. Plaintiff was therefore placed among the class of persons to whom Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG all owed a duty as part of a special relationship.

95. Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG all took part in and had roles of authority and liability over the adequate and proper provision of medical care to plaintiff.

96. Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG failed to provide Plaintiff with medically necessary medical care and treatment within a reasonable time.

97. Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG failed to provide adequate and proper medical treatment to plaintiff which was medically necessary corrective treatment for his complication of entropion within a reasonable time and failed to complete the treatment necessary although Defendants named supra had several options that could of provided Plaintiff with the corrective treatment required within a reasonable time and taken steps to insure that the required medical treatment was completed.

98. Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG had knowledge of Plaintiffs serious medical needs because Plaintiff was medically examined and the issue was heavily documented along with multiple verbal complaints made by Plaintiff during consultations. Therefore; Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG acted with deliberate indifference to Plaintiffs serious medical needs.

99. Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG actions or omissions violated Plaintiffs right to be free of cruel and unusual punishment guaranteed by the 8th and 14th amendment of the constitution.

100. As a direct result and proximate result of Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG actions or omissions described in this complaint, Plaintiff's medically necessary corrective treatment was unnecessarily delayed and the symptoms of Plaintiffs medical issues continued for an extended and unnecessary period of time. Plaintiff is and was exposed to substantial risk of serious harm by way of infection. Plaintiff suffered wanton pain and affliction of physical and mental anguish and emotional distress in that plaintiff was forced to endure pain and suffering for an unreasonable period of time with little to none provision of assistance to mitigate the pain and suffering and or physical and mental anguish or emotional distress, due to Defendants

1        TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG inadequate and improper and untimely provision of

2        medical care and medical care management.

3    101.Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG acted knowingly, willfully, and

4        maliciously with reckless and callous disregard for Plaintiffs federally protected rights.

5    102.As a result of Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG actions or omissions

6        Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreparable injury,

7        pain, and emotional distress in that Plaintiff has unreasonably and unnecessarily suffered for an extended period

8        of time posing great hardship and undue burden upon plaintiff and making plaintiffs daily life more difficult.

9

10       SIXTH CAUSE OF ACTION FOR PROFESSIONAL NEGLEGENCE

11   103. Plaintiff realleges and incorporates by reference all of the paragraphs above.

12   104.On or about 08/20/14 Plaintiff was in custody at California Institution for Men and was an inmate, Plaintiff was

13       therefore, placed among the class of persons to whom Defendants TIM PEREZ, MUHAMMAD FAROOQ,

14       BAHUA YANG owed a duty as part of a special relationship.

15   105.Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG had a duty to use such skill, prudence,

16       and diligence as other members of his or her profession commonly possess and exercise.

17   106.Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG negligently failed to provide Plaintiff

18       with medically necessary treatment and care for Plaintiffs serious medical needs. Failed to insure Plaintiff

19       received adequate and proper medical treatment within a reasonable time. Was a moving force behind the

20       delaying of necessary medical care and treatment. Failed to provide medically necessary auxiliary and assistive

21       equipment. Failed to take steps to insure plaintiff's treatment was completed.

22   107.As a direct and proximate result of the negligence of Defendants TIM PEREZ, MUHAMMAD FAROOQ,

23       BAHUA YANG actions or omissions described in this complaint, Plaintiff's medically necessary corrective

24       treatment and the medical issues continued for an extended and unnecessary period of time. Plaintiff is and was

25       exposed to substantial risk of serious harm by way of infection. Plaintiff suffered wanton pain and affliction of

26       physical and mental anguish and emotional distress in that plaintiff was forced to endure pain and suffering for

27       an unreasonable period of time with little to none provision of assistance to mitigate the pain and suffering and

28

1  or physical and mental anguish or emotional distress, due to Defendants TIM PEREZ, MUHAMMAD

2  FAROOQ, BAHUA YANG negligence.

3  108. Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG acted knowingly, willfully, and

4  maliciously, and with a reckless and callous disregard for Plaintiffs rights protected by California Laws.

5  109. As a result of Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG actions or omissions

6  Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreparable injury,

7  pain, and emotional distress in that Plaintiff has unreasonably and unnecessarily suffered for an extended period

8  of time posing great hardship and undue burden upon plaintiff and making plaintiffs daily life more difficult.

9

10  SEVENTH CAUSE OF ACTION FOR NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL

11  DISTRESS

12  110. Plaintiff realleges and incorporates by reference all of the paragraphs above.

13  111. On or about 08/20/14 Plaintiff was in custody at California Institution for Men and was an inmate and under the

14  care of Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG who owed a duty as part of a

15  special relationship.

16  112. On or about 08/20/14 Plaintiff was informed that his requests for ADA classification, auxiliary or assistive

17  equipment, adequate and proper pain medication were denied by prison officials and prison medical employees.

18  113. Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG conduct was intentional and deliberate

19  and done with a wanton and reckless disregard of the consequences to Plaintiff.

20  114. As the proximate result of the actions or omissions alleged above plaintiff suffered fright, worry, grief, shame,

21  humiliation, and embarrassment, mental anguish, and emotional distress and physical distress because Plaintiff

22  was worried plaintiff felt his life would become harder and more difficult without medical help. Plaintiff felt

23  sudden and extreme terror, and sharp sorrow and annoyance. Plaintiff felt dishonored and disgraced and was

24  disappointed by the actions or omissions of Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA

25  YANG. Plaintiff felt a loss of pride, self-respect and dignity. Plaintiff felt burdened with shame and self-

26  conscience and was injured in mind and body.

27

28

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 PG - 13

115. The actions or omissions of Defendants TIM PEREZ, MUHAMMAD FAROOQ, BAHUA YANG alleged above were willful, wanton, deliberate, reckless, oppressive and improper and justify the awarding of exemplary and punitive damages.

## VI. DAMAGES

116. On or about 05/08/14 through 01/29/16 Plaintiff sustained consistent moderate to severe acute pain, redness, irritation, discomfort, and tearing for his left eye.

117. On or about 05/08/14 through 01/29/16 Plaintiff sustained consistent moderate to severe acute pain to his left eye socket and front left cranial lobe.

118. On or about 05/08/14 through 01/29/16 Plaintiff has suffered great hardship and undue burden placed upon his daily living activities.

119. On or about 05/08/14 through 01/29/16 Plaintiff has suffered extended mental anguish and emotional distress.

## VII. PRAYER FOR RELIEF

120. Plaintiff has no plain or adequate or complete remedy at law to redress the wrongs described in this complaint.

121. Plaintiff has been and will continue to be irreparably injured by the conduct of defendants unless this court grants declatory and compensatory relief and other such relief plaintiff seeks.

122. WHEREFORE; Plaintiff respectfully prays that this court enter judgment granting Plaintiff:

123. A declaration that acts and omissions described herein violated plaintiff's rights under the constitution of laws under the united states and the constitution of laws of California.

124. Award plaintiff the following compensatory damages against all defendants jointly and severally as follows;

As to past and future mind and body injuries ................................................... $2,000,000

As to past and future medical and mental care .................................................. $1,000,000

As to past and future physical, mental, and emotional pain and suffering ..................... $1,000,000

As to punitive and exemplary damages ........................................................... $1,000,000

TOTAL ................................................................................... $5,000,000

125. Plaintiff requests nominal damages in an unknown amount.

126. Plaintiff requests a jury trial for all matters triable by jury.

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 PG - 14

127. Plaintiff requests his costs and expenses in suit.

128. Plaintiff requests reasonable attorney fees in suit.

129. Plaintiff requests any additional relief this court deems just, proper, and equitable.

## **VERIFICATION**

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FORGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. AS TO MATTERS BASED UPON BELIEF AND INFORMATION I BELIEVE THEM TO BE TRUE TO THE BEST OF MY KNOWLEDGE.

RESPECTFULLY SUBMITTED

X _____

DANIEL COHEN
PRO-SE

DATED THIS 27TH DAY OF JANUARY 2017

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 PG - 15

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☑ )

DANIEL COHEN

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SANDRA ALFARO, A. LDUKWEN. OLEUGA, S. Josh Nahari, Tim Perez, Muhammad Farnog, BAHUA WANG, Does 1-31

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*   Los Angeles / Kern

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

566 S. San Pedro St. Los Angeles, CA 90013

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☑ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC § 1983 Constitutional Rights violations, state tort claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ⊗ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ⊗ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ⊗ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

---

**FOR OFFICE USE ONLY:** Case Number: CV17-00684

CV-71 (07/16)

CIVIL COVER SHEET

Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes  [✓] No | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| [ ] Yes  [✓] No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right → | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right → | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| [ ] Yes  [✓] No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right → | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right → | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [✓] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [✓] |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| [ ] Yes  [✓] No | [ ] Yes  [✓] No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. → | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | C. Los Angeles |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes | [✓] No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?     ☑ NO     ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?     ☐ NO     ☑ YES

If yes, list case number(s):   CV 15-3576  JAK (AGR)

**Civil cases** are related when they (check all that apply):

☐  A.  Arise from the same or a closely related transaction, happening, or event;

☐  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☑  C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐  A.  Arise from the same or a closely related transaction, happening, or event;

☐  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT)**    _____    DATE: 01/27/17

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |