UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0684-JAK (AGR) | Date | August 25, 2017 |
|---|---|---|---|
| Title | Daniel Cohen v. Sandra Alfaro, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| not present | None |

**Proceedings:** **In Chambers: ORDER TO SHOW CAUSE WHY DEFENDANT YANG NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROVIDE INFORMATION NECESSARY FOR SERVICE OF PROCESS**

On January 27, 2017, Plaintiff, a state inmate proceeding *pro se*, filed a civil rights complaint alleging violations of his constitutional rights. On February 7, 2017, the Court severed the action, transferring the first four claims in the seven-claim complaint to the Eastern District of California, where those claims arose, and allowing the action to proceed solely on Claims Five, Six, and Seven, which arose in this district at the California Institution for Men. (Dkt. No. 6.) The defendants targeted in those three claims, all sued in their individual and official capacities, are Tim Perez, Muhammed Farooq, and Bahua Yang. (*See* id.) On February 14, 2017, the Court ordered the Marshal to serve process on those defendants. (Dkt. No. 9.) Perez and Farooq have been served. (Dkt. Nos. 14-17.)

Prompting this order is the fact that Yang has not been served with process. The USM-285 process receipt filed on June 16, 2017 includes the remark: "Dr. Bahua Yang is not employed with the California Institution for Men, C Chino." (Dkt. No. 11, 20-21.)

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

An "incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help effectuate service" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-0684-JAK (AGR) | Date | August 25, 2017 |
|---|---|---|---|
| Title | Daniel Cohen v. Sandra Alfaro, et al. | | |

912 F.2d 270, 275 (9th Cir.1990); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

When service cannot be accomplished due to the pro se plaintiff's failure to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Id.* at 1421-22.

Plaintiff may be able to obtain further identifying information about Yang by propounding discovery, such as interrogatories and/or document requests to the already-served defendants.

IT IS ORDERED that Plaintiff shall show cause in writing, **on or before September 25, 2017,** why Yang should not be dismissed from this action without prejudice pursuant to Rule 4(m). Plaintiff should provide any additional information he has about Yang so that Yang can be served with process.

Initials of Preparer    mp