UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL COHEN,<br>　　Plaintiff,<br>　　　v.<br>SANDRA ALFARO, et al.,<br>　　Defendants. | NO. CV 17-00684-JAK (AGR)<br><br>ORDER OF DISMISSAL |

　　On January 27, 2017, Plaintiff, a state inmate proceeding *pro se*, filed a civil rights complaint against various defendants. On February 7, 2017, the Court severed the action, transferring the first four claims in the seven-claim complaint to the Eastern District of California, where those claims arose, and allowing the action to proceed solely on Claims Five, Six, and Seven, which arose in this district at the California Institution for Men ("CIM"). (Dkt. No. 6.) The defendants targeted in those three remaining claims, all sued in their individual and official capacities, are Tim Perez, Muhammed Farooq, and Bahua Yang. (*See* id.)

　　On February 14, 2017, the Court ordered the Marshal to serve process on those defendants. (Dkt. No. 9.) Perez and Farooq were served, but Yang was not. (Dkt. Nos. 14-17, 20-21.) The process receipt filed on June 16, 2017 states

that Dr. Yang is not employed with CIM. (Dkt. Nos. 20-21.)

On September 7, 2017, Plaintiff and Defendants Perez and Farooq filed a stipulation to dismiss Plaintiff's claims against "Defendants" with prejudice, with each party to bear his or her own attorneys' fees and costs. (Dkt. No. 25.) The stipulation does not expressly mention Dr. Yang.

On August 25, 2017, the magistrate judge issued an order to show cause, on or before September 25, 2017, why Defendant Yang should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). The order to show cause ("OSC") explained that Plaintiff is obligated to provide the necessary information to effectuate service by the U.S. Marshal. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The OSC further explained that Plaintiff may be able to obtain additional information by propounding discovery requests to the defendants who have already been served.

Plaintiff has not responded to the OSC or requested additional time to do so. Plaintiff has not provided the court with any additional information to effectuate service upon Defendant Yang.

Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). A court may consider various factors including prejudice to the defendant, actual notice, a possible limitations bar, and eventual service. *Id.*

Plaintiff has not responded to the OSC or made any showing of good cause. There is no evidence Defendant Yang has actual notice of this action.

| | |
|---|---|
| 1 | There is no indication as to when, if ever, Plaintiff will provide the information |
| 2 | necessary to effect service. *See Thanou v. Krescko*, 2012 WL 6082719, *1 (C.D. |
| 3 | Cal.) (dismissing complaint without prejudice under Fed. R. Civ. P. 4(m) after |
| 4 | failure to respond to OSC), *adopted by* 2012 WL 605904 (2012); *Arreola v.* |
| 5 | *Henry*, 2012 WL 4343648, *1 (N.D. Cal. 2012). |
| 6 | Accordingly, IT IS ORDERED that Defendant Yang is dismissed without |
| 7 | prejudice pursuant to Fed. R. Civ. P. 4(m). |
| 8 | IT IS FURTHER ORDERED that Plaintiff's claims against Defendants |
| 9 | Perez and Farooq are dismissed with prejudice pursuant to the stipulation of the |
| 10 | parties. (Dkt. No. 25.) |
| 11 | IT IS FURTHER ORDERED that this case is DISMISSED. |

DATED: October 18, 2017

_____
John A. Kronstadt
United States District Judge